1   KINDRA DENEAU (State Bar No. 024156)
2   7135 East Camelback Rd., Suite 230
    Scottsdale, Arizona 85251
3   Telephone:  (480) 306-5977
4   Facsimile:  (602) 626-3504

5   *Of Counsel to*
6   Lemberg & Associates LLC
    A Connecticut Law Firm
7   1100 Summer Street
8   Stamford, CT  06905
    Telephone:  (203) 653-2250
9   Facsimile:  (203) 653-3424

10
    Attorneys for Plaintiff,
11  Manuela Zamarron

12

13

14                    IN THE UNITED STATES DISTRICT COURT
15                       FOR THE DISTRICT OF ARIZONA
16

17

18  Manuela Zamarron,                          Case No.:

19              Plaintiff,

20                                             **COMPLAINT**
        vs.
21

22  Progressive Financial Services, Inc.; and
    DOES 1-10, inclusive,
23

24              Defendants.

25

26

27

28

For this Complaint, the Plaintiff, Manuela Zamarron, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.     Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.     The Plaintiff, Manuela Zamarron (hereafter "Plaintiff"), is an adult individual residing in Chambrino, New Mexico, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     The Defendant, Progressive Financial Services, Inc. (hereafter "Progressive"), is a company with an address of 1919 West Fairmont Drive, Building 8, Tempe, AZ 85282, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.	Does 1-10 (the "Collectors") are individual collectors employed by Progressive and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.	Progressive at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.	The Debt

8.	The Plaintiff incurred a student loan financial obligation (the "Debt") to an original creditor (the "Creditor").

9.	The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.	The Debt was purchased, assigned or transferred to Progressive for collection, or Progressive was employed by the Creditor to collect the Debt.

11.	The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.	Progressive Engages in Harassment and Abusive Tactics

12.	Progressive has placed as many as five (5) calls a day to Plaintiff and Plaintiff's husband in an attempt to collect the Debt.

3

13.     Plaintiff works for Amber Care providing home residential care to senior citizens, and is required to keep her cell phone on her person in case of emergency while on the job.  Plaintiff has informed Progressive that her employer prohibits her from receiving personal calls on her cell phone during her work hours and requested that Progressive cease contacting while she was at work.

14.     Progressive has continued to call Plaintiff during her work hours despite Plaintiff's request that they cease doing so.

15.     Recently, Progressive threatened to garnish Plaintiff's bank account and take her money one way or another unless she authorized automatic electronic payments to be made out of her checking account.

16.     Under duress, Plaintiff gave Progressive the authorization for automatic monthly electronic payments to be withdrawn from her checking account.

17.     Contrary to the statements and demand Progressive made to Plaintiff, Progressive has not served Plaintiff with any legal process and is not authorized to garnish her bank accounts.

18.     Progressive has contacted Plaintiff at 7:30a.m. in an attempt to collect the Debt.

19.     Progressive has used rude and abusive language when speaking with Plaintiff.

20.     Upon information and belief, Progressive is overcharging Plaintiff on the balance of the underlying debt, and is incorrectly claiming that Plaintiff has not paid down her debt at all in the past three years that she has been making payments.

4

**C.**     **Plaintiff Suffered Actual Damages**

21.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

24.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

26.     The Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m., in violation of 15 U.S.C. § 1692c(a)(1).

27.     The Defendants contacted the Plaintiff at his place of employment, knowing

that the Plaintiff's employer prohibited such communications, in violation of 15

U.S.C. § 1692c(a)(3).

28.     The Defendants used profane and abusive language when speaking with the

consumer, in violation of 15 U.S.C. § 1692d(2).

29.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in

telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C.

§ 1692d(5).

30.     The Defendants misrepresented the character, amount and legal status of the

debt, in violation of 15 U.S.C. § 1692e(2).

31.     The Defendants threatened the Plaintiff with garnishment if the debt was not

paid, in violation of 15 U.S.C. § 1692e(4).

32.     The Defendants threatened to take legal action, without actually intending to do

so, in violation of 15 U.S.C. § 1692e(5).

33.     The Defendants employed false and deceptive means to collect a debt, in

violation of 15 U.S.C. § 1692e(10).

34.     The Defendants attempted to collect an amount not authorized by the agreement

creating the debt, in violation of 15 U.S.C. § 1692f(1).

35.     The foregoing acts and omissions of the Defendants constitute numerous and

multiple violations of the FDCPA, including every one of the above-cited provisions.

1

2

36.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

3

**COUNT II**

4

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

5

6

37.     The Plaintiff incorporates by reference all of the above paragraphs of this

7

Complaint as though fully stated herein.

8

38.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as,

9

10

"One who intentionally intrudes…upon the solitude or seclusion of another, or his

11

private affairs or concerns, is subject to liability to the other for invasion of privacy, if

12

the intrusion would be highly offensive to a reasonable person."

13

14

39.     Arizona further recognizes the Plaintiff's right to be free from invasions of

15

privacy, thus Defendant violated Arizona state law.

16

40.     The Defendant intentionally intruded upon Plaintiff's right to privacy by

17

18

continually harassing the Plaintiff with excessive phone calls.

19

41.     The telephone calls made by Defendants to the Plaintiff were so persistent and

20

repeated with such frequency as to be considered, "hounding the plaintiff," and, "a

21

22

substantial burden to her existence," thus satisfying the Restatement of Torts, Second,

23

§ 652(b) requirement for an invasion of privacy.

24

42.     The conduct of the Defendants in engaging in the illegal collection activities

25

26

resulted in multiple invasions of privacy in such a way as would be considered highly

27

offensive to a reasonable person.

28

7

43.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

44.     All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

46.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

47.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Arizona.

48.     As a result of the Defendants' intentional infliction of emotional distress, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

1

2

**COUNT IV**

**INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**

3

4

49.   The Plaintiff incorporates by reference all of the above paragraphs of this

5

Complaint as though fully stated herein.

6

50.   Defendants intentionally interfered with Plaintiff's employment contract by

7

8

improperly contacting Plaintiff at her place of employment or during his/her regular

9

work hours when Plaintiff's employer disallowed such communications.

10

51.   As a result of Defendants' intentional interference with contractual relations,

11

12

the Plaintiff's employment relationship was disrupted and Plaintiff is entitled to actual

13

damages in an amount to be determined at trial from Defendants.

14

52.   All acts of Defendants and the Collectors complained of herein were committed

15

16

with malice, intent, wantonness, and recklessness, and as such, Defendants are subject

17

to imposition of punitive damages.

18

19

**PRAYER FOR RELIEF**

20

WHEREFORE, the Plaintiff prays that judgment be entered against the

21

Defendants:

22

23

A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the

24

Defendants;

25

26

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C.

27

§1692k(a)(2)(A) against the Defendants;

28

9

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and interference with contractual relations in an amount to be determined at trial for the Plaintiff;

E. Punitive damages;

F. For Plaintiff's statutory costs in relation to Arizona claim(s) pursuant to A.R.S. § 12-341;

G. For Plaintiff's reasonable attorneys' fees and costs in relation to any Arizona contract claim pursuant to A.R.S. § 12-341.01; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

1

2   DATED:  February 10, 2011                    KINDRA DENEAU

3

4

5                                               By: _/s/  _Kindra Deneau_____
                                                Kindra Deneau
6
                                                Attorney for Plaintiff
7                                               Manuela Zamarron

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                11